**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ANTHONY R. MACHADO,

              Petitioner

   v.

BERNADETTE MASON,

              Respondent.

CIVIL ACTION NO. 3:25-cv-01032

(MEHALCHICK, J.)

**MEMORANDUM**

Anthony R. Machado filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment and conviction imposed in the Court of Common Pleas of Lancaster County, Pennsylvania. (Doc. 1). Because Machado's claims are procedurally defaulted and would not have entitled him to federal habeas relief, the Court must dismiss the petition.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

On April 19, 2022, Machado pleaded guilty to a series of charges arising from sexual conduct with a minor in 2021. He was sentenced to an aggregate term of 13 to 26 years imprisonment and to be assessed for potential designation as a Sexually Violent Predator ("SVP")[1]. *See Commonwealth v. Machado*, No. CP-36-CR-0003717-2021 (Lancaster Cnty. Ct. Com. Pl.). Machado did not appeal the judgment. On August 30, 2022, following a hearing, the Court deemed Machado to be a Sexually Violent Predator. *See* (Doc. 15-1 at 20, 22).

---

[1] An SVP is a person "who has been convicted of a sexually violent offense . . . due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." *See* 42 Pa.C.S. § 9799.12. The designation requires lifetime registration on the sexual offender registry, *see* 42 Pa.C.S. § 9799.15(a)(6), among other implications.

Machado appealed the SVP order, and the Pennsylvania Superior Court affirmed it on June 12, 2023. *See Commonwealth v. Machado*, 301 A.3d 898 (Pa. Super. Ct. 2023). Machado's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on December 15, 2023. *Commonwealth v. Machado*, 309 A.3d 693 (Pa. 2023).

On September 13, 2024, Machado petitioned for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"). In that petition, he alleged that the trial judge coerced his plea or improperly participated in plea discussions by advising him of the maximum possible penalties for the offenses, and that trial counsel was ineffective for failing to object. (Doc. 15-1 at 107-112). On January 15, 2025, the trial court concluded that the petition had been timely filed, but ultimately dismissed it as without merit. *See* (Doc. 15-1 at 136-144, 155). Machado appealed, and on January 14, 2026, the Pennsylvania Superior Court affirmed on different grounds, concluding that the petition had been untimely. *Commonwealth v. Machado*, 354 A.3d 495 (Pa. Super. Ct. 2026). The Court's review indicates that Machado did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. *See Commonwealth v. Machado*, 97 MDA 2025 (Pa. Super. Ct. 2026).

On June 9, 2025, with his PCRA appeal still pending, Machado filed his *habeas corpus* petition in this court. He asserts two grounds for relief:

- Ground One: "Denial of right to due process for Judge Interference in plea agreement"

- Ground Two: "The Lower Court was in error for failing to grant a hearing on the out[]standing issues of the Judge[']s Involvement before petitioner accepted his guilty plea"

*See* (Doc. 1 at 5).[2]

---

[2] Machado's filings make occasional reference to "ineffective counsel" during the plea process, *see* (Doc. 2 at 5, Doc. 16 at 2), but any such claim would not have entitled him to habeas relief for the reasons described below.

## II.    LEGAL STANDARDS

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Subject to limited exceptions, the petitioner must first exhaust all claims in state court. See 28 U.S.C. § 2254(b),(c). A state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim has been exhausted when it has been "fairly presented" to the state court, meaning that the court has addressed it on the merits. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner bears the burden of proving exhaustion of all available state remedies. *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (citing *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993)).

If the state court does not resolve the petitioner's claim on the merits because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a claim is found defaulted, a federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts*, 228 F.3d at 192-93 (quoting and citing *Murray v. Carrier*, 477

3

U.S. 478, 488-89 (1986)). Additionally, the United States Supreme Court carved out a "narrow exception" to procedural default in *Martinez v. Ryan*, 566 U.S. 1 (2010): "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9.

### III.    DISCUSSION

Machado's claims arise from the fact that during the plea hearing, the trial judge asked him if he understood the maximum possible penalties for the offenses: "[Judge]: Do you understand you're facing a total maximum sentence of up to 88 years in prison and maximum fines of $135,000? [Machado]: Yes, Your Honor." *See* (Doc. 15-1 at 10). Machado makes two contradictory arguments: First, he claims that the judge's question created "shock and awe," because he had not previously been advised of the possible penalties and did not fully understand them. (Doc. 2 at 1-2). Second, he claims that the judge's question amounted to coercion or improper influence in the plea process, because the plea had not been finalized, and Machado "need[ed] no reminder that if he rejected the proposal . . . and [was] convicted he face[d]" those penalties. *See* (Doc. 2 at 3-4).

Machado raised his claims about the plea process in his PCRA petition. Although the trial court addressed the PCRA petition on the merits, the Superior Court[3] deemed the petition to be untimely. Therefore, any claim or claims in that petition are deemed procedurally

---

[3] "In considering a § 2254 petition, we review the 'last reasoned decision' of the state courts on the petitioner's claims." *Simmons v. Beard*, 590 F.3d 223, 231-32 (3d Cir. 2009) (citing *Bond v. Beard*, 539 F.3d 256, 289-90 (3d Cir. 2008)). Thus, "[w]e review the appellate court decision, not the trial court decision, as long as the appellate court 'issued a judgment, with explanation, binding on the parties before it.'" *Burnside v. Wenerowicz*, 525 F. App'x 135, 138 (3d Cir. 2013) (nonprecedential).

defaulted. *See Whitney v. Horn*, 280 F.3d 240, 250-52 (3d Cir. 2002); *Coniker v. Scherer*, No. 20-CV-1768, 2021 WL 356628, at *7 (W.D. Pa. Jan. 5, 2021) (listing cases). Machado has not shown "cause and prejudice" that would permit the Court to review such a claim, *i.e.*, that "some objective factor external to the defense" prevented him from raising his claims about the plea agreement within one year after the judgment became final. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Nor has Machado shown that the failure to consider his claim would result in a fundamental miscarriage of justice. "In order for a guilty plea to comply with the requirements of the Due Process Clause of the Fifth Amendment, it must be knowing, voluntary and intelligent." *United States v. Tidwell*, 521 F.3d 236, 251 (3d Cir. 2008) (citing *Bousley v. United States*, 523 U.S. 614, 618-19 (1998)). This requires a judge to "canvass[ ] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969). Therefore, it was not a violation of Machado's due process rights for the trial judge to ask him if he understood the maximum penalties before completing the plea. *See, e.g.*, *Grosso v. Zaken*, No. 1:23-CV-71, 2024 WL 3610173, at *8-9 (W.D. Pa. Feb. 12, 2024), report and recommendation adopted, 2024 WL 3606709 (W.D. Pa. July 31, 2024); *Harris v. Folino*, No. 14 CV-0893, 2016 WL 5334683, at *6-7 (E.D. Pa. Mar. 31, 2016), report and recommendation adopted, 208 F. Supp. 3d 658 (E.D. Pa. 2016).

Further, the record indicates that Machado chose to plead guilty without reaching any agreement with the government (Doc. 15-1 at 10); there is no plausible claim that he was prejudiced by judicial participation in a plea agreement that the parties did not achieve. *See United States v. Brown*, 595 F.3d 498, 520-21 (3d Cir. 2010). Machado's own testimony at the

plea hearing, and the written colloquy that he completed and signed, both indicated that his plea was knowing and voluntary, and he presents no evidence to the contrary. *See* (Doc. 15-1 at 7-14, 198-204).

## IV.    CERTIFICATE OF APPEALABILITY

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Machado has not shown the denial of a constitutional right, and jurists of reason would not debate the denial of his petition, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the foregoing reasons, the Court will dismiss Machado's petition for lack of jurisdiction. An appropriate order follows.

**Dated: June 16, 2026**                                          *s/ Karoline Mehalchick*
                                                                  **KAROLINE MEHALCHICK**
                                                                  **United States District Judge**